# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON JERMAINE GUZMAN, Alien No. A095 808 746,<br><br>　　　　　　　　　　　　Petitioner,<br><br>　vs.<br><br>ROBIN F. BAKER, Field Director, Immigration and Customs Enforcement, DHS; DEPARTMENT OF HOMELAND SECURITY,<br><br>　　　　　　　　　　　　Respondents. | CASE NO. 09CV2315-MMA (NLS)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[Doc. No. 1] |

　　　Pending before the Court is Petitioner Jason Jermaine Guzman's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. Petitioner Guzman alleges that DHS delivered him into the custody of an unidentified agent and began the process of effecting his removal from the United State to Belize. (*Pet.* [Doc. No. 1] at 1.) Petitioner's petition essentially challenges his removal and seeks to enjoin any further DHS efforts to remove him. The Court, however, does not have jurisdiction to hear such claims under 8 U.S.C. § 1252(g). Section 1252 provides as follows:

> (g) Exclusive jurisdiction. Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.

8 U.S.C. § 1252(g). This provision was created so as to "eliminate[] district court habeas corpus jurisdiction over orders of removal and vest[] jurisdiction to review such orders exclusively in the

1  courts of appeals." *Puri v. Gonzales*, 464 F.3d 1038, 1041 (9th Cir. 2006) (citing *Martinez-Rosas v.
2  Gonzales*, 424 F.3d 926, 928-929 (9th Cir. 2005)). Thus, if Petitioner seeks to challenge the final order
3  of removal, his only remedy is to file a petition for review in the U.S. Court of Appeals for the Ninth
4  Circuit.

5  Federal courts are courts of limited jurisdiction. "Without jurisdiction the court cannot proceed
6  at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only
7  function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v.
8  Citizens for a Better Environment*, 523 U.S. 83, 94 (1998). Accordingly, federal courts are under a
9  continuing duty to confirm their jurisdictional power and are even "obliged to inquire *sua sponte*
10 whenever a doubt arises as to its existence. . . ." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429
11 U.S. 274, 278 (1977). Because the Court lacks subject matter jurisdiction over this matter, Petitioner's
12 Petition for Writ of Habeas Corpus (Doc. No. 1) is **DENIED**.

13 **IT IS SO ORDERED**.

14 DATED: October 26, 2009

*[signature]*

Hon. Michael M. Anello
United States District Judge